## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

_____
|   )
UNITED STATES OF AMERICA and   )
OKLAHOMA DEPARTMENT   )
OF ENVIRONMENTAL QUALITY,   )
   )
    Plaintiffs,   )    Case No.: CIV-20-1205-HE
   )
    v.   )
   )
JANUARY ENVIRONMENTAL   )
SERVICES, INC. and   )
CRIS JANUARY,   )
   )
    Defendants.   )
_____)

## COMPLAINT

The United States of America ("United States"), acting on behalf of the United States Environmental Protection Agency ("EPA"), and the Oklahoma Department of Environmental Quality ("ODEQ"), file this Complaint and allege as follows:

## NATURE OF ACTION

1.    This is a civil action against January Environmental Services, Inc. ("January ES") and Cris January (collectively, "Defendants") pursuant to the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. §§ 6901 *et seq.*, the Oklahoma Hazardous Waste Management Act, Okla. Stat. tit. 27A, §§ 2-7-101 *et seq.*, and regulations promulgated pursuant to those statutes.

2.    The United States and ODEQ bring this case to address Defendants' repeated and ongoing violations of the used oil and hazardous waste regulatory

provisions in Subtitle C of RCRA, 42 U.S.C. §§ 6921-6939e. The violations are in connection with Defendants' used oil and hazardous waste transportation operations and their used oil processing facility in Oklahoma City, Oklahoma.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. §§ 1331, 1345, and 1355, and Section 3008 of RCRA, 42 U.S.C. § 6928(a). The Court has personal jurisdiction over Defendants because Defendants are located and do business in this District.

4.      This Court has supplemental jurisdiction over the state law claims asserted by ODEQ, pursuant to 28 U.S.C. § 1367, because those claims are so related to the United States' claims in this action that they form part of the same case or controversy.

5.      Venue is proper in this District pursuant to Section 3008 of RCRA, 42 U.S.C. § 6928(a), and 28 U.S.C. §§ 1391 (b) and (c) and 1395(a), because the alleged violations occurred and are occurring in this District.

## NOTICE

6.      The notice requirement in Section 3008(a)(2) of RCRA, 42 U.S.C. § 6928(a)(2), has been satisfied.

## DEFENDANTS

7.      Defendant January ES is a corporation organized under the laws of Oklahoma in 1994. Its corporate office is located at 2701 S. Prospect Avenue in Oklahoma City.

2

8.      Defendant Cris January is the President of January ES. Mr. January also directly manages the corporation's day-to-day operations, including the transportation, handling, and storage of wastes and compliance, or lack thereof, with applicable state and federal environmental and safety requirements.

9.      Defendant January ES is the owner and both Defendants are operators of a used oil and hazardous waste transportation service and a used oil processing facility in Oklahoma City (the "Facility"). Defendants use the Facility to store and process the used oil and hazardous waste they collect and transport. Defendants process used oil through, among other things, distillation and chemical and physical separation operations to produce both on-specification and off-specification oil that they then sell to other used oil processors and marketers.

10.     The Facility is located at 4300 SW 36th Avenue in Oklahoma City. It is comprised of a tank farm used to store used oil, water, and antifreeze. A warehouse is used to store drums and totes of waste, dumpster-like containers to store and manage used oil filters, and roll-off containers to manage used oil and other type of filters and various debris and waste.

11.     Defendants have operated the Facility at this location since about 2000.

12.     Defendants operate a number of other similar facilities and operations in Oklahoma and several other states.

## RCRA STATUTORY AND REGULATORY BACKGROUND

13.     Section 3008(a)(1) of RCRA, 42 U.S.C. § 6928(a)(1), provides for judicial enforcement of RCRA violations, including injunctive relief, when the EPA

Administrator determines that any person has violated or is in violation of any requirement of RCRA Subtitle C, 42 U.S.C. §§ 6921-6939e.

14.     Pursuant to Section 3008(g) of RCRA, 42 U.S.C. § 6928(g), "[a]ny person who violates any requirement of this subchapter shall be liable" for civil penalties up to $75,867 for each violation. *See also* 85 Fed. Reg. 1755 (Jan. 13, 2020) (updating 40 C.F.R. § 19.4 and listing this inflation-adjusted penalty rate for violations occurring after November 2, 2015). "Each day of such violation shall, for purposes of this subsection, constitute a separate violation." 42 U.S.C. § 6928(g).

15.     EPA promulgated regulations to implement the used oil provisions in Subtitle C of RCRA. 40 C.F.R. Part 279 provides the standards for Defendants' used oil operations.

16.     Under RCRA regulations, "used oil" is defined as "any oil that has been refined from crude oil, or any synthetic oil, that has been used and as a result of such use is contaminated by physical or chemical impurities." 40 C.F.R. § 279.1.

17.     Pursuant to 40 C.F.R. § 279.10(a), used oil is subject to regulation under 40 C.F.R. Part 279, "whether or not the used oil . . . exhibits any characteristics of hazardous waste identified in subpart C of part 261 of this chapter."

18.     When used oil is mixed with a listed hazardous waste, the mixture is subject to regulation as a hazardous waste. 40 C.F.R. § 279.10(b)(1)(i).

19.     If a mixture of used oil and hazardous waste exhibits one or more of the hazardous waste characteristics (i.e., ignitability, corrosivity, reactivity, or toxicity), the mixture is subject to regulation as a hazardous waste. If the mixture does not exhibit any

of the four characteristics of hazardous waste, the mixture is subject to regulation as used oil. 40 C.F.R. § 279.10(b)(2)(i)-(ii). If the mixture is of used oil and conditionally exempt small quantity generator hazardous waste, then the resultant mixture is subject to regulation as used oil. 40 C.F.R. § 279.10(b)(3).

20.     Section 3006 of RCRA, 42 U.S.C. § 6926, provides that EPA can authorize a state hazardous waste program that is equivalent to, consistent with, and no less stringent than the federal program. When a state obtains such authorization, EPA enforces the state program in lieu of the federal RCRA regulations in that state. The State of Oklahoma received final authorization for its Base Hazardous Waste Management Program in 1985 and has made subsequent revisions authorized by EPA. The State of Oklahoma has incorporated by reference all of the RCRA regulatory provisions addressed in this case. Therefore, all citations are to the Code of Federal Regulations.

## GENERAL ALLEGATIONS

21.     Each defendant is a "person" within the meaning of Section 1004(15) of RCRA, 42 U.S.C. § 6903(15).

22.     Defendant January ES is, and was at all times pertinent to this suit, registered with ODEQ as a used oil transporter and processor. Defendants transport, manage, and process used oil, among other things.

23.     At all times pertinent to this suit, Defendant January ES has owned and Defendants have operated a "used oil" transportation service, a "hazardous waste" transportation service, and a "used oil" processing and "hazardous waste management"

facility in Oklahoma City (the Facility). *See* 42 U.S.C. § 6903(5), (7), (36); 40 C.F.R. § 279.10(a), (b).

24.     ODEQ conducted inspections of the Facility in 2010 and 2013. ODEQ found multiple violations of RCRA, including violations of the used oil regulations, illegal storage of hazardous waste, and receipt of hazardous waste without a permit.

25.     EPA and ODEQ conducted a joint inspection of the Facility in November 2017. The inspectors identified numerous violations of RCRA's used oil and hazardous waste regulations, including violations similar to those identified by ODEQ in 2010 and 2013.

26.     EPA provided a copy of its inspection report to and continued to follow up with Defendants in 2018.

27.     In March 2019 EPA and ODEQ conducted an unannounced inspection of the Facility. During the March 2019 inspection, EPA and ODEQ identified continuing violations of the RCRA regulations identified during the November 2017 inspection.

28.     Unless restrained by an order of this Court, the violations alleged in this Complaint will continue to endanger Defendants' workers and other people, property, and the environment.

## FIRST CLAIM FOR RELIEF

### Violations of 40 C.F.R. § 279.44

29.     The preceding paragraphs are re-alleged and incorporated herein by reference.

30.     Under RCRA's used oil regulations, Defendants as part of the Facility's

used oil transportation operation are required to determine whether the total halogen content of used oil being transported to or stored at the Facility is above or below 1,000 parts per million ("ppm"). 40 C.F.R. § 279.44(a). RCRA provides that a transporter may make this determination in one of two ways: (1) testing the used oil or (2) applying knowledge of the halogen content of the used oil in light of the materials or process used. 40 C.F.R. § 279.44(b). Used oil containing equal to or greater than 1,000 ppm total halogens is presumed to be hazardous waste. Defendants are required to retain records of analyses conducted or information obtained to determine whether the halogen content of used oil is above or below 1,000 ppm for at least three years. 40 C.F.R. § 279.44(d).

31.     Defendants are used oil transporters and operators of a transfer facility. During the November 2017 joint inspection by ODEQ and EPA of Defendants' Facility in Oklahoma City, inspectors observed Defendants' trucks at the Facility being used to transport used oil.

32.     SW-846 Method 9077 is a standard laboratory testing method to determine the halogen content in used oil.

33.     Alternatively, it is common for used oil transporters to test for total halogen content in the field using Clor-D-Tect test kits, which is consistent with Method 9077.

34.     Each of Defendants' trip tickets provided to federal and State inspectors for the year 2017 bears a check mark indicating that the load passed a halogen test.

35.     Despite the check mark on the trip tickets, Defendants did not test the loads for halogens.

36.     Defendant Cris January, President of January ES, admitted during the

November 2017 inspection that none of the used oil picked up by Defendants' trucks is tested using Chlor-D-Tect test kits or any other quantitative testing method.

37.    Defendant Mr. January stated during the inspection that "sniffers" are used to identify halogens in used oil collected by Defendants.

38.    Defendants' Analysis Plan identifies the "TEK Mate sniffer" as the method to be used to identify halogen content in used oil collected by Defendants. Defendants do not use that sniffer but instead use another brand of sniffer.

39.    The TEK Mate sniffer and other brand sniffers, however, are not designed to detect the halogen content in oil. Rather, the sniffers are designed to identify leaks of refrigerant.

40.    The TEK Mate sniffer and the sniffer used by Defendants are not a valid or effective method for determining halogen content in used oil, do not quantify the amount of halogens, and do not comply with the requirement of 40 C.F.R. § 279.44.

41.    Defendants have not used and do not use analytical test method SW-846 Method 9077, Clor-D-Tect test kits, or any other quantitative testing method to determine the halogen content of the used oil Defendants collect and transport.

42.    Defendants have provided no information or documentation demonstrating that the methods or materials used by the customers from whom they obtain used oil would preclude the presence of halogens in the used oil.

43.    During the November 2017 inspection, in response to a request by EPA, Defendants were unable to provide records demonstrating that the used oil it collected has less than 1,000 ppm total halogens. Defendants have not since that time provided any

such records.

44.     Defendants are not fulfilling their responsibility to assess whether they are collecting and transporting hazardous waste.

45.     During the March 2019 inspection, EPA and ODEQ observed that these violations are ongoing.

46.     Defendant January ES was cited by ODEQ for the same violation in 2013.

47.     For a lengthy period of time to be determined and continuing through at least the March 2019 inspection, Defendants have failed to determine whether the total halogen content of used oil being transported or stored at its Facility is above or below 1,000 ppm. Defendants' operation of the Facility, including each truck involved in the collection and transportation of used oil, is in violation of 40 C.F.R. § 279.44.

48.     Pursuant to Section 3008(a) and (g) of RCRA, 42 U.S.C. § 6928(a) and (g), Defendants are liable for injunctive relief and civil penalties up to $75,867 for each day of each violation. *See also* 85 Fed. Reg. 1755 (Jan. 13, 2020) (updating 40 C.F.R. § 19.4 and listing this inflation-adjusted penalty rate for violations occurring after November 2, 2015).

49.     Defendants are also liable for injunctive relief and civil penalties pursuant to Okla. Stat. tit. 27A, § 2-7-129 for the violations set forth above.

## SECOND CLAIM FOR RELIEF

### Violations of 40 C.F.R. § 279.52

50.     The preceding paragraphs are re-alleged and incorporated herein by reference.

51.     Under RCRA's used oil regulations, Defendants are required to maintain and operate their used oil Facility to minimize the hazards of fires, explosions, or any unplanned sudden or non-sudden releases of used oil. 40 C.F.R. § 279.52(a)(1). Among other enumerated requirements, Defendants must: maintain aisle space to allow unobstructed movement of personnel, fire protection equipment, and decontamination equipment to all areas of the Facility, § 279.52(a)(5); attempt to make arrangements with first responders and local hospitals regarding the specific hazards at the Facility, § 279.52(a)(6); and prepare a contingency plan, § 279.52(b).

52.     During the November 2017 inspection of the Facility, EPA and ODEQ inspectors observed overcrowding of waste storage containers that eliminated aisles and obstructed access and movement, in violation of 40 C.F.R. § 279.52(a)(5).

53.     During the November 2017 inspection of the Facility, Defendants did not have any documentation of correspondence or arrangements with local first responders and hospitals, in violation of 40 C.F.R. § 279.52(a)(6).

54.     Following the November 2017 inspection, Defendants provided EPA the Facility's Spill Prevention, Control, and Countermeasure Plan, which contained the contingency plan. The contingency plan is deficient in material respects, in violation of 40 C.F.R. § 279.52(b). The contingency plan lacks the following elements: fire or explosion response plan; description of arrangements with local police, fire departments, and hospitals; evacuation plan for Facility personnel; emergency coordinator contact information; and changes to the design of the Facility, such as the relocation of Tank 13 within the Facility.

55.     During the March 2019 inspection of the Facility, EPA and ODEQ inspectors observed that these violations are ongoing.

56.     For a lengthy period of time to be determined and continuing through at least the March 2019 inspection, Defendants have operated the Facility in violation of 40 C.F.R. § 279.52.

57.     Pursuant to Section 3008(a) and (g) of RCRA, 42 U.S.C. § 6928(a) and (g), Defendants are liable for injunctive relief and civil penalties up to $75,867 for each day of each violation. *See also* 85 Fed. Reg. 1755 (Jan. 13, 2020) (updating 40 C.F.R. § 19.4 and listing this inflation-adjusted penalty rate for violations occurring after November 2, 2015).

58.     Defendants are also liable for injunctive relief and civil penalties pursuant to Okla. Stat. tit. 27A, § 2-7-129 for the violations set forth above.

## THIRD CLAIM FOR RELIEF

### Violations of 40 C.F.R. § 279.53

59.     The preceding paragraphs are re-alleged and incorporated herein by reference.

60.     Under RCRA's used oil regulations, Defendants are required to ensure that used oil managed at their processing Facility is not hazardous waste. 40 C.F.R. § 279.53.

61.     Defendants have routinely failed to act to ensure that the used oil they manage at their processing Facility is not hazardous waste.

62.     Defendant January ES was cited by ODEQ for the same violation in 2013.

63.     During the March 2019 inspection of the Facility, EPA and ODEQ

11

inspectors observed that these violations are ongoing.

64.     For a lengthy period of time to be determined and continuing through at least the March 2019 inspection, Defendants have operated in violation of 40 C.F.R. § 279.53.

65.     Pursuant to Section 3008(a) and (g) of RCRA, 42 U.S.C. § 6928(a) and (g), Defendants are liable for injunctive relief and civil penalties up to $75,867 for each day of each violation. *See also* 85 Fed. Reg. 1755 (Jan. 13, 2020) (updating 40 C.F.R. § 19.4 and listing this inflation-adjusted penalty rate for violations occurring after November 2, 2015).

66.     Defendants are also liable for injunctive relief and civil penalties pursuant to Okla. Stat. tit. 27A, § 2-7-129 for the violations set forth above.

## FOURTH CLAIM FOR RELIEF

### Violations of 40 C.F.R. § 279.54

67.     The preceding paragraphs are re-alleged and incorporated herein by reference.

68.     Under RCRA's used oil regulations, Defendants are required to properly manage the used oil they collect and process. 40 C.F.R. § 279.54. Among the enumerated requirements, Defendants must: ensure that containers storing used oil are in good condition and free from leaks, § 279.54(b); respond to leaks or other releases when they occur, § 279.54(g); provide secondary containment for containers storing used oil, § 279.54(c); and label all containers and tanks containing used oil with the words "Used Oil" on the container, § 279.54(f)(1).

69.     During the November 2017 inspection of the Facility, EPA and ODEQ inspectors observed a dumpster-like container used to store used oil filters that was leaking oil onto the concrete floor. Defendants made no effort to repair the leak during the multi-day inspection.

70.     During the November 2017 inspection of the Facility, EPA and ODEQ inspectors observed a rail tank car that was being used as a container to store used oil at the Facility for an extended period of time. The tank car had been used to store oil at the Facility since at least June 2017. No secondary containment was provided for this container.

71.     During the November 2017 inspection of the Facility, EPA and ODEQ inspectors observed that multiple used oil containers did not display the required "Used Oil" label, including Tanks 2, 16, 17, 18, and 22; three roll-off containers managing used oil filters, R25036, R25016, and C25276D; two dumpsters managing used oil filters; and the tank car described above.

72.     During the March 2019 inspection of the Facility, EPA and ODEQ inspectors observed that these violations are ongoing.

73.     For a lengthy period of time to be determined and continuing through at least the March 2019 inspection, Defendants have operated in violation of 40 C.F.R. § 279.54.

74.     Pursuant to Section 3008(a) and (g) of RCRA, 42 U.S.C. § 6928(a) and (g), Defendants are liable for injunctive relief and civil penalties up to $75,867 for each day of each violation. *See also* 85 Fed. Reg. 1755 (Jan. 13, 2020) (updating 40 C.F.R. § 19.4

and listing this inflation-adjusted penalty rate for violations occurring after November 2, 2015).

75.      Defendants are also liable for injunctive relief and civil penalties pursuant to Okla. Stat. tit. 27A, § 2-7-129 for the violations set forth above.

## FIFTH CLAIM FOR RELIEF

### Violations of 40 C.F.R. § 279.55

76.      The preceding paragraphs are re-alleged and incorporated herein by reference.

77.      Under RCRA's used oil regulations, Defendants are required to develop and implement a written analysis plan that describes the procedures they will use to determine whether the used oil they manage at their Facility contains 1,000 ppm or more of halogens. 40 C.F.R. § 279.55.

78.      During the November 2017 inspection of the Facility, EPA and ODEQ inspectors observed that Defendants' analysis plan was deficient. The plan simply states that a "sniffer" will be used by the driver to determine the halogen content at the time of pickup. As discussed above, however, the refrigerant leak detection sniffer is not a competent method to determine halogen content in the oil. In addition, Defendants' drivers were not using the sniffer at the time of pickup, contrary to the written plan.

79.      Defendants' analysis plan fails to specify use of a sampling method that can obtain a representative sample, and it fails to specify the analytical methods to be used to determine whether the used oil it processes is a hazardous waste.

80.      Defendant January ES was cited by ODEQ for the same violation in 2013.

81.     During the March 2019 inspection of the Facility, EPA and ODEQ inspectors observed that these violations are ongoing.

82.     For a lengthy period of time to be determined and continuing through at least the March 2019 inspection, Defendants have operated in violation of 40 C.F.R. § 279.55.

83.     Pursuant to Section 3008(a) and (g) of RCRA, 42 U.S.C. § 6928(a) and (g), Defendants are liable for injunctive relief and civil penalties up to $75,867 for each day of each violation. *See also* 85 Fed. Reg. 1755 (Jan. 13, 2020) (updating 40 C.F.R. § 19.4 and listing this inflation-adjusted penalty rate for violations occurring after November 2, 2015).

84.     Defendants are also liable for injunctive relief and civil penalties pursuant to Okla. Stat. tit. 27A, § 2-7-129 for the violations set forth above.

## SIXTH CLAIM FOR RELIEF

### Violations of 40 C.F.R. § 279.55 and 279.57

85.     The preceding paragraphs are re-alleged and incorporated herein by reference.

86.     Under RCRA's used oil regulations, Defendants are required to maintain the Facility's operating records onsite, including records and results of used oil analyses required by 40 C.F.R. § 279.55, and to submit biennial reports to EPA or ODEQ. 40 C.F.R. § 279.57.

87.     During the November 2017 inspection of the Facility, EPA and ODEQ inspectors requested access to the Facility's records of trip tickets and waste profiles.

Defendant Mr. January stated that the records were not kept onsite.

88.    Defendants also failed to submit the required biennial reports to EPA or ODEQ for 2016 and 2018.

89.    Defendant January ES was cited by ODEQ for failure to maintain operating records in 2013.

90.    During the March 2019 inspection of the Facility, EPA and ODEQ inspectors observed that these violations are ongoing.

91.    For a lengthy period of time to be determined and continuing through at least the March 2019 inspection, Defendants have operated in violation of 40 C.F.R. § 279.57.

92.    Pursuant to Section 3008(a) and (g) of RCRA, 42 U.S.C. § 6928(a) and (g), Defendants are liable for injunctive relief and civil penalties up to $75,867 for each day of each violation. *See also* 85 Fed. Reg. 1755 (Jan. 13, 2020) (updating 40 C.F.R. § 19.4 and listing this inflation-adjusted penalty rate for violations occurring after November 2, 2015).

93.    Defendants are also liable for injunctive relief and civil penalties pursuant to Okla. Stat. tit. 27A, § 2-7-129 for the violations set forth above.

## SEVENTH CLAIM FOR RELIEF

### Violations of 40 C.F.R. § 263.20

94.    The preceding paragraphs are re-alleged and incorporated herein by reference.

95.    Defendants as a transporter of hazardous waste cannot collect hazardous

waste from a generator unless Defendants are provided with a properly completed and signed EPA manifest form (EPA Form 8700-22 and, if necessary, EPA Form 8700-22A) in accordance with 40 C.F.R. § 262.23 and 40 C.F.R. § 263.20.

96.     A transporter who delivers a hazardous waste to another transporter or to a designated hazardous waste facility must obtain on the manifest the date of delivery and the handwritten signature of the recipient and retain one copy of the manifest in accordance with    40 C.F.R. § 263.22. The remaining manifest copies must be given to the recipient. 40 C.F.R. § 263.20(d).

97.     During the November 2017 inspection of the Facility, EPA and ODEQ inspectors observed a drum of hazardous waste stored among drums of used oil at the Facility. Based on Defendants' records, Defendants had transported the drum to the Facility. EPA sampled the drum, which was labeled Methyl Ethyl Ketone ("MEK"), and confirmed that the contents are a hazardous waste.

98.     Defendants collected and transported the hazardous waste drum of MEK without the required hazardous waste manifest form.

99.     Following the November 2017 inspection of the Facility, EPA identified three more of Defendants' trip tickets that indicate collection of solvent and paint wastes—not used oil and likely hazardous wastes—without the required hazardous waste manifests.

100.    Defendants have not produced any hazardous waste manifests for their collection and transport of the hazardous waste identified above. Defendants are required to keep copies of any such manifests for three years pursuant to 40 C.F.R. § 263.22(a).

101.   Defendant January ES was cited by ODEQ for transporting and receiving hazardous waste without the required proper manifest forms in 2013.

102.   During the March 2019 inspection of the Facility, EPA and ODEQ inspectors observed that these violations are ongoing.

103.   For a lengthy period of time to be determined and continuing through at least the March 2019 inspection, Defendants have operated in violation of 40 C.F.R. § 263.20.

104.   Pursuant to Section 3008(a) and (g) of RCRA, 42 U.S.C. § 6928(a) and (g), Defendants are liable for injunctive relief and civil penalties up to $75,867 for each day of each violation. *See also* 85 Fed. Reg. 1755 (Jan. 13, 2020) (updating 40 C.F.R. § 19.4 and listing this inflation-adjusted penalty rate for violations occurring after November 2, 2015).

105.   Defendants are also liable for injunctive relief and civil penalties pursuant to Okla. Stat. tit. 27A, § 2-7-129 for the violations set forth above.

## EIGHTH CLAIM FOR RELIEF

### Violations of 40 C.F.R. § 270.1(c)

106.   The preceding paragraphs are re-alleged and incorporated herein by reference.

107.   RCRA requires a permit for the "treatment," "storage," and "disposal" of any "hazardous waste," as identified or listed in 40 C.F.R. § 270.2.

108.   "Storage" is defined as the holding of hazardous waste for a temporary period, at the end of which the waste is treated, disposed, or stored elsewhere. 40 C.F.R.

§ 270.2.

109.    In the case of storage of hazardous waste drums at the Facility, a temporary period is a maximum of 10 days. 40 C.F.R. § 263.12.

110.    Defendants must obtain a RCRA permit before they can store hazardous waste at the Facility for longer than 10 days.

111.    Defendants are storing and managing hazardous waste at the Facility without a RCRA permit. As discussed above, at the time of the November 2017 inspection and continuing for a period to be determined, Defendants stored a drum of hazardous waste MEK at the Facility for more than 10 days.

112.    Defendant January ES was cited by ODEQ for illegal storage of hazardous waste at the Facility in 2013.

113.    During the March 2019 inspection of the Facility, EPA and ODEQ inspectors observed that the same drum of hazardous waste MEK that was present during the November 2017 inspection was still stored at the Facility.

114.    For a lengthy period of time to be determined and continuing through at least the March 2019 inspection, Defendants have stored hazardous waste at the Facility without a RCRA permit in violation of 40 C.F.R. § 270.1(c).

115.    Pursuant to Section 3008(a) and (g) of RCRA, 42 U.S.C. § 6928(a) and (g), Defendants are liable for injunctive relief and civil penalties up to $75,867 for each day of each violation. *See also* 85 Fed. Reg. 1755 (Jan. 13, 2020) (updating 40 C.F.R. § 19.4 and listing this inflation-adjusted penalty rate for violations occurring after November 2, 2015).

116.    Defendants are also liable for injunctive relief and civil penalties pursuant to Okla. Stat. tit. 27A, § 2-7-129 for the violations set forth above.

## NINTH CLAIM FOR RELIEF

### Violations of 40 C.F.R. § 262.11

117.    The preceding paragraphs are re-alleged and incorporated herein by reference.

118.    Defendants, as persons who generate a solid waste, as defined in 40 C.F.R. § 261.2, must make an accurate determination as to whether the waste is a hazardous waste to ensure that wastes are properly managed according to RCRA regulations. 40 C.F.R. § 262.11.

119.    During the November 2017 inspection of the Facility, EPA and ODEQ inspectors observed that Defendants are receiving and storing in roll-off containers numerous used oil filters that are not properly drained of oil or crushed. The roll-offs also contain other types of filters, soiled rags and clothing, and other waste materials. Because the filters have not been drained or crushed they may be hazardous waste.

120.    Defendants are not determining the hazardous waste characteristics of the materials in the roll-off containers prior to disposal at a local landfill.

121.    During the March 2019 inspection of the Facility, EPA and ODEQ inspectors observed that these violations are ongoing.

122.    For a lengthy period of time to be determined and continuing through at least the March 2019 inspection, Defendants have operated in violation of 40 C.F.R. § 262.11.

123.    Pursuant to Section 3008(a) and (g) of RCRA, 42 U.S.C. § 6928(a) and (g), Defendants are liable for injunctive relief and civil penalties up to $75,867 for each day of each violation. *See also* 85 Fed. Reg. 1755 (Jan. 13, 2020) (updating 40 C.F.R. § 19.4 and listing this inflation-adjusted penalty rate for violations occurring after November 2, 2015).

124.    Defendants are also liable for injunctive relief and civil penalties pursuant to Okla. Stat. tit. 27A, § 2-7-129 for the violations set forth above.

## REQUEST FOR RELIEF

The United States and ODEQ respectfully request that this Court:

A.    Enter judgment in favor of the United States and ODEQ and against Defendant, finding Defendants liable for the RCRA violations alleged in the Complaint;

B.    Order Defendants to take all actions necessary to bring its used oil transportation and processing operations and its Facility into compliance with RCRA and State law and to maintain compliance going forward;

C.    Assess civil penalties against Defendants for violating RCRA, pursuant to Section 3008(g) of RCRA, 42 U.S.C. § 6928(g), of up to $75,867 per day per violation.

D.    Assess civil penalties against Defendants for violations of State law, pursuant to Okla. Stat. tit. 27A, § 2-7-129;

E.    Award Plaintiffs their costs of this action; and

F.    Grant such other relief as the Court deems just and proper.

Respectfully Submitted,

FOR THE UNITED STATES OF AMERICA:

JEFFREY BOSSERT CLARK
Assistant Attorney General
Environment and Natural Resources Division


_____s/ Jason T. Barbeau_____
JASON T. BARBEAU
Senior Trial Attorney (D.C. Bar No. 468200)
BRANDON ROBERS
Senior Counsel (Maryland Bar No. 1112150055)
United States Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044
(202) 616-8908 (telephone)
(202) 616-6584 (facsimile)
jason.barbeau@usdoj.gov

TIMOTHY J. DOWNING
United States Attorney
Western District of Oklahoma

RONALD R. GALLEGOS
Assistant U.S. Attorney
U.S. Attorney's Office
Western District of Oklahoma
210 Park Ave., Suite 400
Oklahoma City, OK 73102
Phone: (405) 553-8844
ron.gallegos@usdoj.gov

OF COUNSEL:

Angela Hodges Gott
Assistant Regional Counsel
U.S. Environmental Protection Agency, Region 6
1201 Elm Street, Suite 500 (ORCER)
Dallas, Texas 75270

FOR THE OKLAHOMA DEPARTMENT OF ENVIRONMENTAL QUALITY:


_____*s/ Lee Dooley*_____
LEE DOOLEY
Environmental Attorney (OK Bar # 22545)
Oklahoma Department of Environmental Quality
707 North Robinson
Oklahoma City, OK 73102
(405) 702-7179
Lee.Dooley@deq.ok.gov

(Signed by Filing Attorney with permission of
Attorney)